IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CR-21-031-DCJ
                                )
ROY LONNIE THOMPSON, JR.,       )
                                )
          Defendant.            )
```

**O R D E R**

This matter comes before this Court on the following: (1) Defendant's counsel's Motion to Withdraw as Counsel and to Appoint Substitute Counsel (Docket Entry #23); and (2) Defendant's *pro se* document entitled "Judicial Notice" (Docket Entry #24). These two filings were referred to the undersigned by United States District Judge David C. Joseph on June 8, 2021 for final disposition.

Defendant seeks to replace his current counsel in this case because (1) counsel filed a motion to dismiss against Defendant's express wishes; (2) counsel refuses to discuss a defense and implied Defendant is guilty; (3) counsel refuses to answer letters and a request (presumably from Defendant) for discovery material; (4) counsel agreed to set up a telephone to receive calls (presumably from Defendant) but failed to do so; (5) counsel

offices in Tucson, Arizona and is unable to meet with Defendant in person in order to prepare the case; and (6) Defendant is only permitted one hour for a video conference with counsel which he deems insufficient to discuss his case or his defense.

For his part, Defendant's counsel states in his Motion that Defendant has "lost all confidence in undersigned counsel's ability to represent him in the pending case", that "the attorney-client relationship has broken down to such an extent that undersigned counsel cannot continue to effectively represent [Defendant]", and that Defendant was unwilling to be represented by his co-counsel or an attorney associated with the Federal Public Defender's office in Arizona. Counsel requests that he be permitted to withdraw from further representation of Defendant.

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002) quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney, . . .; rather, there must be a total breakdown in communications." Id. citing

<u>United States v. Doe # 1</u>, 272 F.3d 116, 124 (2d Cir. 2001).

Defendant and his counsel both allege a breakdown in communication and counsel's effective representation of Defendant. These are unusual times in this District. In order to fulfill the obligation of the Federal Public Defender to provide the indigent Defendants in this District with counsel, she has been required to seek assistance from attorneys throughout the country in the wake of the Supreme Court's decision in <u>McGirt v.</u> Oklahoma, \_\_\_ U.S. \_\_\_, 140 S.Ct. 2452 (2020). Inevitably, miscommunication and a lack of communication can occur with such distances between counsel and a defendant, such as in this case. This Court perceives no choice but to conclude that an irreconcilable conflict exists and new local counsel should be appointed by the public defender.

IT IS THEREFORE ORDERED that Defendant's counsel's Motion to Withdraw as Counsel and to Appoint Substitute Counsel (Docket Entry #23) is hereby **GRANTED**. Jorge Leonardo Costales and Jordan Perry Malka and the Federal Public Defender's Office in Tucson, Arizona are deemed **WITHDRAWN** from further representation of Defendant in this case.

IT IS FURTHER ORDERED that the Federal Public Defender for this District appoint new counsel for Defendant from the available bar in the State of Oklahoma as soon as possible.

IT IS FURTHER ORDERED that Defendant's *pro* se document entitled "Judicial Notice" (Docket Entry #24)(to the extent it was intended to request affirmative relief) is hereby deemed **MOOT** by the granting of counsel's motion.

IT IS SO ORDERED this  11th  day of June, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE